Filed 7/21/26  Maroon Society v. Shah CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MAROON SOCIETY, INC., | B348165 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20SMCV00417) |
| v. | |
| NISHA SHAH, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa K. Sepe-Wiesenfeld, Judge.  Affirmed.

Law Office of Dionisios Marinos and Dionisios Marinos for Plaintiff and Appellant.

Ritt Hodges, D. Jay Ritt, and Warren O. Hodges, Jr., for Defendant and Respondent.

Plaintiff Maroon Society, Inc. (Maroon) appeals from the grant of summary judgment in favor of defendant Nisha Shah. Maroon alleged Shah, a former employee and shareholder, misappropriated its trade secrets. The trial court determined Maroon's operative pleading failed to state a claim for trade secret misappropriation and that its remaining claims were displaced by the Uniform Trade Secret Act (UTSA) and time-barred. Because Maroon fails to show error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND
### A.    Maroon's Second Amended Complaint

Maroon filed a complaint against Shah in March 2020. Maroon's operative second amended complaint (SAC) asserted claims for (1) misappropriation of trade secrets, (2) intentional interference with prospective economic relationship, (3) violation of Business and Professions Code section 17200, and (4) breach of contract.

The record contains an incomplete copy of the SAC, perhaps less than half of the pleading. The portion provided includes the following allegations.[1] Maroon provides market research survey services, focusing largely on consumer perceptions and use of public programs, utilities, and transportation. Maroon is owned and operated by Aaron Celious (Celious).

---

[1]    Maroon asserts its appeal is limited to claims based on misappropriation of its confidential client contact list and hiring practices and systems. We therefore focus on the allegations relevant to these claims.

Shah began working as an employee for Maroon in 2009.[2] In September 2013, Shah entered into a partnership agreement with Celious. Celious agreed to sell ownership shares in Maroon to Shah. The agreement was to continue until it was terminated which, pursuant to paragraph 6, could be done if Shah voluntarily exited the partnership with Celious repurchasing her shares.

Shah was the only full-time employee and shareholder other than Celious. She was involved in the bidding process and worked directly with Maroon's clients on projects. In November 2014, Shah registered her own business with the City of Los Angeles Office of Finance. She continued working for Maroon until she resigned and sold her ownership shares on December 31, 2014.

Maroon alleged that Shah retained its trade secrets after resigning and used them to compete with Maroon. Maroon identified the following as its trade secrets: (1) "Unique and novel compilation of client lists which includes client names, pricing data, information on contract negotiation and client history," and (2) "[u]nique methods and processes for . . . hiring, training and managing survey staff, including specific client preferences . . . ." Maroon alleged it maintained the information's confidentiality and used it to bid on projects.

In November 2018, Maroon became aware that Shah, working as a subcontractor for one of Maroon's clients, had obtained a contract several months earlier to perform customer

---

[2]     In a declaration filed in opposition to Shah's summary judgment motion, Celious stated he asked Shah to hire and manage staff for Maroon based on Shah's experience operating a temporary staffing agency.

3

satisfaction surveys at Los Angeles World Airports. Maroon had submitted a proposal for the same project and found it suspicious the contract was awarded to Shah. Maroon submitted a Freedom of Information Act request to Los Angeles World Airports regarding the proposals. Based upon the response it received, Maroon discovered that Shah misappropriated its trade secrets to bid for competing projects. Maroon later learned that Shah accessed her Maroon email account after resigning to solicit Maroon's clients.

## B. Motion for Summary Judgment and Trial Court's Ruling

Shah moved for summary judgment, or in the alternative, summary adjudication of all claims. Shah argued the SAC failed to state a claim for misappropriation of trade secrets. She also contended that any information Maroon submitted as part of a bidding process for public entities would be public record and could not constitute a trade secret. Shah argued Maroon's other causes of action were displaced[3] under UTSA because they were based on the same nucleus of facts as the misappropriation claim. Shah further argued that each cause of action was barred by the applicable statute of limitations. Maroon opposed the motion, and Shah filed a reply.

---

[3] The parties use the term "preemption" in discussing this issue. When addressing an issue involving whether one provision of state law displaces other provisions of state law, our Supreme Court has expressed a preference for using the term "displace." (*Guild Mortgage Co. LLC v. CrossCountry Mortgage LLC* (2026) 120 Cal.App.5th 885, 897–898, fn. 8, citing *Zengen, Inc. v. Comerica Bank* (2007) 41 Cal.4th 239, 247, fn. 5.) We also use the term.

The trial court granted Shah's motion for summary judgment. As to the misappropriation claim, the court determined the SAC failed to set forth the existence of a trade secret. The court stated the SAC failed to describe the subject matter of the trade secrets with sufficient particularity and to allege any specific confidential information that would not be disclosed as part of a public bidding process. The court also determined that Maroon's remaining causes of action were displaced by UTSA because the conduct at the heart of the claims was the alleged acquisition and misappropriation of Maroon's trade secrets. Further, the court found Maroon's claims were time-barred. As to the breach of contract claim specifically, the court determined that Maroon's complaint was filed about five years after the underlying partnership agreement was terminated and there was no basis for tolling the four-year statute of limitations.

Judgment was entered for Shah, and Maroon appealed.

## DISCUSSION

### A. Summary Judgment Law and Standard of Review

"A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. [Citation.] If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636–637.)

The procedure "'presupposes that the pleadings are adequate to put in issue a cause of action,'" and therefore "''necessarily includes a test of the sufficiency of the

complaint . . . .""" (*Stolz v. Wong Communications Limited Partnership* (1994) 25 Cal.App.4th 1811, 1817 (*Stolz*).)  Where a pleading fails to allege a valid claim, "'[t]he summary judgment proceeding is . . . necessarily transmuted into a test of the pleadings and the summary judgment motion into a motion for judgment on the pleadings.'" (*Ibid.*)  When the complaint fails to allege facts sufficient to state a cause of action, judgment on the pleadings is appropriate.  (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).)

We review the trial court's decision de novo.  (*Stolz*, *supra*, 25 Cal.App.4th at p. 1817.)  It is a fundamental principle of appellate procedure that the judgment is presumed correct, and the appellant bears the burden to affirmatively show reversible error by citation to the record and supporting authority. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); *Villalobos v. City of Santa Maria* (2022) 85 Cal.App.5th 383, 388.) "'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.  "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."'" (*Jameson*, at p. 609.)  ""'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'" (*Ibid.*)  These principles apply even on de novo review.  (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 776–777; *Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913.)

**B.**   **Maroon Does Not Demonstrate the Trial Court Erred in Determining the SAC Did Not Sufficiently Allege the Existence of a Trade Secret**

Maroon contends the trial court erred by granting Shah's motion for summary judgment as to Maroon's claim for misappropriation of trade secrets.  We conclude Maroon does not affirmatively demonstrate error.

Civil Code section 3426.1, subdivision (d) defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: [¶] (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and [¶] (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  In its complaint, "a party seeking to protect trade secrets must 'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'"  (*Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1453 (*Whyte*).)

The trial court determined that Maroon's SAC failed to plead the existence of a trade secret as the pleading did not describe the subject of the trade secrets with sufficient particularity to separate them from matters of general knowledge in the trade.  The court further determined that the SAC failed to allege sufficient facts establishing the relevant information was confidential given the information was used in public bidding

7

processes.  Maroon fails to meet its burden of showing the court erred for several reasons.

First, Maroon does not challenge the trial court's determination that the SAC failed to state a claim for trade secret misappropriation in its opening brief.  Maroon's failure to address this issue forfeits any challenge to the court's ruling.  "'Even when our review on appeal "is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief.  [Citations.]  Issues not raised in an appellant's brief are deemed [forfeited] or abandoned.'"'"  (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554–555.)

Second, it was Maroon's burden to provide an adequate record to assess any claim of error concerning the sufficiency of the SAC (*Jameson, supra*, 5 Cal.5th at p. 609), but as Shah points out, the record contains an incomplete copy of this pleading.  Accordingly, we cannot meaningfully review whether the trial court erred in determining the SAC as a whole did not state a claim for misappropriation of trade secrets.  (*Ibid.*)  We must presume the portions of the pleading not before us supported the court's ruling.  (*Ibid.*)

Third, Maroon's conclusory assertion, made for the first time in its reply brief, that its SAC "met the 'sufficient particularity' requirement" for describing trade secrets is insufficient.  Maroon fails to cite authority or provide analysis to support this assertion.  Maroon does not point to any facts in the SAC supporting a finding that its broadly described client lists and hiring practices constitute trade secrets.  Nor does Maroon address the court's determination that the SAC did not sufficiently allege facts establishing the subject information was

8

confidential given that the information was publicly disclosed. (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 304 ["Public disclosure, that is the absence of secrecy, is fatal to the existence of a trade secret"].) "We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 754.)

We observe that Maroon's appellate briefs do not reveal why its client lists or hiring and training practices constitute trade secrets either. Maroon speaks in general terms of a "private list of customer contacts" and "proprietary techniques" for hiring and training, without describing them in significant detail. Maroon does not show why any customer lists or techniques constitute "truly secret information." (*Whyte*, *supra*, 101 Cal.App.4th at p. 1454.)

## C. Maroon Does Not Demonstrate the Trial Court Erred in Determining UTSA Displaced its Unfair Competition Law and Interference with Prospective Economic Relationship Claims

Maroon argues the trial court erred in determining that Maroon's second and third causes of action for violation of Business and Professions Code section 17200 and interference with prospective economic relationship were displaced by UTSA.[4] Maroon does not demonstrate error.

---

[4] Maroon also argues the trial court erred in determining that its breach of contract claim was displaced by UTSA. (See *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 954 [UTSA "'expressly allows contractual and criminal remedies, whether or not based on trade secret

9

UTSA displaces "common law claims that are 'based on the same nucleus of facts as [a] misappropriation of trade secrets claim for relief.'" (*K.C. Multimedia v. Bank of America Technology & Operations*, *supra*, 171 Cal.App.4th at p. 958; see *id.* at pp. 960–962 [holding interference with contract and unfair competition law claims were displaced because "the conduct at the heart of" the common law and UTSA claims was "the asserted disclosure of trade secrets"].) "Put another way, '[t]o survive [displacement], [a plaintiff's] claims must "allege wrongdoing that is materially distinct from the wrongdoing alleged in a [ ]UTSA claim."'" (*Navigation Holdings, LLC v. Molavi* (N.D.Cal. 2020) 445 F.Supp.3d 69, 81.)

The trial court concluded the second and third causes of action did not sufficiently allege wrongdoing distinct from Maroon's trade secret misappropriation claim. The court determined the conduct at the heart of the second and third causes of action was Shah's alleged improper acquisition and use of Maroon's trade secrets. In its ruling, the court expressly cited paragraphs numbered 90 to 102 to support this determination. The SAC in the record, however, contains only paragraphs numbered 1 to 48. Without a complete copy of the SAC, we cannot determine without speculating whether the second and third causes of action "genuinely allege 'alternative legal theories'" or are "a transparent attempt to evade the strictures of [ ]UTSA by restating a trade secrets claim as something else." (*Silvaco Data Systems v. Intel Corp.* (2010) 184 Cal.App.4th 210, 240, disapproved on other grounds in *Kwikset Corp. v. Superior*

---

misappropriation'"].) We separately address Maroon's breach of contract claim below, which we affirm the court's ruling on for different reasons.

10

*Court* (2011) 51 Cal.4th 310, 337.)  We are required to presume the SAC as a whole supported the court's order and resolve Maroon's claims of error against it.  (*Jameson, supra*, 5 Cal.5th at p. 609.)

We note the wrongful conduct Maroon alleges Shah engaged in involved Shah's contact with Maroon's clients and misappropriation of its business opportunities.  Celious's declaration, on which Maroon relies, specifies that Shah used her Maroon email account to perpetrate the trade secret theft and used stolen confidential information to interfere with its contracts and compete for business.  This indicates the conduct at the heart of Maroon's claims was Shah's alleged misappropriation of trade secrets.[5]

## D.    Maroon's Breach of Contract Claim is Time-Barred

Maroon argues the trial court erred by concluding that Maroon's claim for breach of contract was time-barred.  We are not persuaded.

The statute of limitations for a breach of contract claim is four years.  (Code Civ. Proc., § 337.)  Here, the trial court concluded the partnership agreement that Shah allegedly breached terminated pursuant to its own terms on December 31, 2014, when Shah exited the partnership and sold

---

[5]    "When a motion for summary judgment is in effect a motion for judgment on the pleadings, the court may give the plaintiff leave to amend to cure the deficiencies of the complaint."  (*Stolz, supra*, 25 Cal.App.4th at p. 1825, fn. 6.)  However, the burden of demonstrating a reasonable possibility the pleading's defects can be cured by amendment is "squarely on the plaintiff."  (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  Maroon has not sought leave to amend or made any claim as to how it can cure the deficiencies in the SAC.

11

her shares. In other words, no breach could have occurred after the agreement ended on December 31, 2014, which was more than five years before the case was filed. Maroon does not show the court erred. It does not identify any authority or provision in the contract to show that its terms continued past termination.

Maroon argues generally that all its claims were timely under the delayed discovery, equitable estoppel, and continuing violation doctrines. However, it does not identify any alleged wrongdoing that occurred before the partnership agreement was terminated in December 2014 to which these doctrines would apply. It does not explain how any wrongful conduct that occurred after termination of the agreement would somehow revive the agreement.[6] Maroon thus fails to show the trial court erred in ruling that its breach of contract claim was time-barred.[7]

---

[6] As with Maroon's other claims, the trial court relied on portions of the SAC that are not part of the record on appeal. This includes paragraphs numbered 107 to 111 in the pleading. We must again presume the portions of the SAC not before us supported the court's order.

[7] Given our conclusions, we need not and do not reach the parties' remaining arguments.

## DISPOSITION

The judgment is affirmed.  Shah is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                MORI, J.

We concur:


ZUKIN, P. J.


COGLIATI, J.[**]

---

[**]    Judge of the Santa Cruz County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

13